IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE COMPANY, | : | NO. 13-2880 |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                          July 11, 2013

Currently pending before the Court is Plaintiff David Hatchigian's Motion to Remand. For the following reasons, the Motion is denied.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case centers around a settlement payment that Defendant State Farm Insurance Company ("State Farm") provided to Plaintiff David Hatchigian's attorney representing him in a prior lawsuit. (Compl. ¶ 6.) Plaintiff claims that State Farm breached its duty from the settlement agreement in the prior lawsuit by improperly delivering the funds to his attorney under a mistaken assumption the attorney was entitled to a lien on the settlement. (Id. ¶ 6, 15–16, 22, 30.) The Complaint itself is silent as to the actual amount owed, but an attached letter to the Complaint states that the attorney withheld $13,500 from Plaintiff out of the settlement State Farm provided. (Compl. Ex. C., Aug. 6, 2010 Letter from Stuart Lurie to Ann Walter re: David Hatchigian ("Lurie Letter").

Plaintiff filed the instant action in the Philadelphia Court of Common Pleas on April 18, 2013, alleging claims for (1) declaratory relief as to the duty of good faith, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) bad faith, (5) negligence, and (6) unjust enrichment.  On May 23, 2013, Defendant removed the case to this Court.  Plaintiff filed a Motion for Remand on June 11, 2013.  Defendant filed a Response in Opposition on June 26, 2013.  The Court will now consider the merits of the Motion.

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."  Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008).  Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).  Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.  Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C.

§ 1447(c)).  A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c); N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005).  When considering such a motion, "any doubts about the existence of federal jurisdiction must be resolved in favor of remand."  Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

**III.    DISCUSSION**

In the instant action, State Farm removed this case to federal court pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Section 1332 governs diversity actions in federal court and provides as follows: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  Thus, in order for a case solely involving state law claims to be heard in federal court on account of diversity jurisdiction, two elements must be satisfied: (1) there must be complete diversity of citizenship among the parties; and (2) the disputed amount must be greater than $75,000.

Plaintiff moves to remand the case to state court by arguing it fails to meet the $75,000 amount in controversy requirement.  The Federal Courts Jurisdiction and Venue Clarification Act

of 2011, H.R. 394, P.L. 112-63, clarified the standard for satisfying the amount in controversy when a case is removed to federal court. Codified at 28 U.S.C. §1446(c)(2), it states that a district court uses a preponderance of the evidence standard in determining the amount in controversy. Preponderance of the evidence means "'proof to a reasonable probability that jurisdiction exists.'" Frederico v. Home Depot, 507 F.3d 188, 196 n.6 (3d Cir. 2007) (quoting Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)).  The court may look to the notice of removal to determine the amount in controversy where the complaint fails to assert a monetary amount associated with the requested relief.  Frederico, 507 F.3d at 196 (citing Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)).  "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)).  Estimations of the total damage must be realistic and not based on "fanciful 'pie-in-the-sky' or simply wishful amounts." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004).

In the current case, Plaintiff contends that he is only owed the $13,500 that was withheld from the original settlement of $30,000, which is well below the $75,000 threshold.  Defendants counter that Plaintiff is seeking punitive damages through his bad faith claim, which are properly considered in determining the amount in controversy.  See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

As Defendants concede, in this case, punitive damages would have to be more than four times the disputed amount of $13,500 to cross the $75,000 threshold.  In Harvey v. United States Life Ins. Co., No. Civ.A.08-2175, 2008 WL 2805608, at *2 (E.D. Pa. Jul. 18, 2008), the Court

found that the claim satisfied the amount in controversy where only $14,000 were requested in compensatory damages. In finding such, the <u>Harvey</u> court noted the United States Supreme Court's admonition that due process concerns restrict an award of punitive damages beyond a single-digit multiplier, and that an award of four times the compensatory damages might be skirting the line of constitutional impropriety. <u>Id.</u>, <u>citing</u> <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 425 (2003). Here, too, we are cognizant that an award of such punitive damages may be unlikely, but, as the court in <u>Harvey</u> noted, such an award is not a fanciful or a "pie-in-the-sky" request. <u>Harvey</u>, 2008 WL 2805608 at *2. As such, we find that the amount in controversy in this case exceeds $75,000 and, accordingly, deny Plaintiff's Motion to Remand.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied. When considering Plaintiff's requested punitive damages, the amount in controversy exceeds $75,000, and this court has proper diversity jurisdiction.

An appropriate Order follows.